**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| PHIL READ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KITS EYECARE, LTD D/B/A OPTICONTACTS,<br><br>Defendant. | Case No. 1:26-cv-00001-ADA-SH |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Kits Eyecare, Ltd d/b/a OptiContacts ("Kits") respectfully submits this Reply to Plaintiff's Response (ECF No. 21) to Kits' Notice of Supplemental Authority (ECF No. 20) citing *Steidinger v. Blackstone Medical Services*, No. 25-2398, --- F.4th ---, 2026 WL 2028517 (7th Cir. July 14, 2026).

Kits appreciates that at some point the briefing on a motion must stop; however, when we filed a simple notice of supplemental authority, we did not think that opposing counsel would then submit a brief in reply consisting of pages of argument. As such, as zealous advocates for our clients, we seek indulgence from the court as we feel duty bound to respond to the arguments that the plaintiff submitted because we believe them to be flawed.

**I.    STEIDINGER IS THE FIRST APPELLATE COURT TO SQUARELY ADDRESS § 227(c)(5) AND CONFIRMS KITS' POSITION.**

*Steidinger* is the only federal appellate decision to confront head-on whether "telephone call" in § 227(c)(5) encompasses text messages. The Seventh Circuit held it does not, based on the ordinary public meaning of "telephone call" at the time of the TCPA's 1991 enactment, as well as

1

the context provided by surrounding provisions of § 227. *Steidinger*, 2026 WL 2028517, at *2. That analysis mirrors the arguments Kits has presented in its Motion to Dismiss and confirms the position of the better-reasoned post-*McLaughlin* district court decisions. *See* ECF No. 19 at 2–11; *see also Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1273–74 (N.D. Fla. 2025); *Radvansky v. Kendo Holdings, Inc.*, 2026 WL 810929, at *2–3 (N.D. Ga. Feb. 12, 2026); *Stockdale v. Skymount Prop. Grp., LLC*, 2026 WL 591842, at *3–4 (N.D. Ohio Mar. 3, 2026); *Richards v. Fashion Nova, LLC*, 2026 WL 847568, at *3–5 (S.D. Ind. Mar. 26, 2026).

## II.    HOWARD DOES NOT CREATE A CIRCUIT SPLIT ON § 227(c)(5).

Plaintiff asserts that *Steidinger* "conflicts with the Ninth Circuit's holding in *Howard v. Republican National Committee*, 164 F.4th 1119, 1124 (9th Cir. 2026)." ECF No. 21 at 1. This is incorrect. *Howard* addressed § 227(b)—specifically whether a text message containing a video file was "ma[d]e" or "initiat[ed]" "using an artificial or prerecorded voice" under § 227(b)(1)(A)(iii) and § 227(b)(1)(B). *Howard*, 164 F.4th at 1120, 1122. *Howard* did not interpret "telephone call" under § 227(c)(5), did not address the Do-Not-Call private right of action, and did not consider whether text messages fall within § 227(c)(5)'s narrower language. *See id.* at 1122–28 (analyzing only § 227(b)(1)(A)(iii) and § 227(b)(1)(B)). As *Steidinger* itself explained, prior circuit decisions finding that texts are "calls" within the meaning of the TCPA all concerned claims under § 227(b), not § 227(c)(5), and were decided before the Supreme Court clarified in *Facebook, Inc. v. Duguid*, 592 U.S. 395, 400 & n.2 (2021), that *Campbell-Ewald* did not resolve whether a text message is a call. *Steidinger*, 2026 WL 2028517, at *5–6. There is no circuit split on the question presented here.

## III.    PLAINTIFF'S FIVE ARGUMENTS AGAINST STEIDINGER FAIL.

1.      The panel did not "misread" the 1991 definition. Plaintiff contends that "call" meant merely "to get or try to get into communication by telephone" and that this definition is "functional," not limited to audio. ECF No. 21 at 1. But the Seventh Circuit addressed this directly: it considered what "telephone call" meant as a phrase, noting that a "telephone" in 1991 was "[a]n instrument for reproducing sounds at a distance," and a "call" meant "to get or try to get into communication by telephone." *Steidinger*, 2026 WL 2028517, at *2. Reading these together, the court concluded that "a 'telephone call' referred to communication via sound" and that "[t]ext messages do not reproduce sounds." *Id.* Plaintiff's attempt to sever "call" from its modifier "telephone" is the same error this Court should reject, as Kits' Reply brief established. *See* ECF No. 19 at 2–3.

2.      "Call" and "message" are not interchangeable in the statute. Plaintiff argues that § 227(b)(1)(B)'s regulation of a "telephone call" made "to deliver a message" proves the terms overlap. ECF No. 21 at 1–2. *Steidinger* expressly addressed this statutory structure, explaining that § 227(a)(4) defines "telephone solicitation" as "the initiation of a telephone call or message"—yet § 227(c)(5) creates a private right of action only for "telephone call[s]," not telephone solicitations. *Steidinger*, 2026 WL 2028517, at *3–4. The court applied the meaningful-variation canon: "because Congress used a different term in these two subsections of § 227, it intended a different meaning." *Id.* at *4. The phrase "to deliver a message" in § 227(b)(1)(B) describes the content a telephone call may carry; it does not transform a text message into a telephone call.

3.      The fax provisions confirm, rather than undermine, the panel's analysis. Plaintiff contends the fax provisions show Congress "explicitly defined a fax machine as a type of machine that receives messages over regular telephone lines" and that "telephone lines receive telephone calls." ECF No. 21 at 2. But the Seventh Circuit considered this very point and concluded that §

3

227(d)(1) demonstrates Congress "did consider something analogous, i.e., text-based communications sent by an electronic device through a telephone line. And it regarded those communications as messages, not calls." *Steidinger*, 2026 WL 2028517, at *4. That faxes travel over telephone lines does not make them telephone calls—it makes them telephone messages, precisely as the statute's structure reflects. *Id.*, 2026 WL 2028517, at *5. While repeated unwanted texts may be "undoubtedly a nuisance," any remedy for that nuisance lies in agency action under other provisions of § 227, not in § 227(c)(5) litigation. *Steidinger* explained, Congress was specifically concerned that telemarketing calls would seize telephone lines needed for emergency or medical assistance—a risk that unwanted text messages simply do not present—making it at the very least reasonable that the private right of action would reach calls but not text messages. *Steidinger* This conclusion is reinforced by § 227(c)(5)'s remedial purpose.

    **4.**    The statute does not give "call" two inconsistent meanings. Plaintiff urges that *Steidinger*'s holding conflicts with the "settled authority" that texts are "calls" under § 227(b). ECF No. 21 at 2–3. But as the Seventh Circuit explained, § 227(b) and § 227(c)(5) use different language. Subsection (b)'s private right of action is broadly framed to reach "a violation of this subsection or the regulations prescribed under this subsection," while § 227(c)(5) specifically requires receipt of "more than one telephone call." *Steidinger*, 2026 WL 2028517, at *6–7. The presumption of consistent usage does not apply where—as here—Congress used different terms in different subsections. *Id.* at *7. Moreover, as Kits has previously established, the § 227(b) decisions on which Plaintiff relies were issued before *Duguid* clarified that *Campbell-Ewald* left the meaning of "call" unresolved, and those decisions addressed materially broader statutory language. *See* ECF No. 19 at 9–10.

4

**5.** Section 227(c)(5)'s reference to "regulations prescribed under this subsection" does not expand the private right of action. Plaintiff argues that because the FCC's regulations reach "telemarketing calls or text messages," 47 C.F.R. § 64.1200(e), § 227(c)(5) must authorize suits over text messages. ECF No. 21 at 3. *Steidinger* squarely rejected this argument, explaining that the statutory language "simply clarifies which calls—i.e., those that violate relevant regulations—are the basis for a suit." *Steidinger*, 2026 WL 2028517, at \*7. The phrase "in violation of the regulations prescribed under this subsection" identifies the type of violation that must accompany a telephone call; it does not redefine "telephone call" to encompass text messages. *Id.* And as *Steidinger* further held, even if the FCC interprets "call" differently elsewhere, this Court is not bound by that interpretation. *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 168 (2025); *see also Steidinger*, 2026 WL 2028517, at \*7.

## IV. CONCLUSION

*Steidinger* is directly on point, well-reasoned, and confirms every material argument in Kits' Motion to Dismiss and Reply. Plaintiff's attempts to distinguish *Steidinger* simply rehash arguments already presented—and rejected—in the growing body of post-*McLaughlin* authority holding that § 227(c)(5) does not reach text messages. This Court should grant Kits' Motion to Dismiss.

Respectfully submitted,

**HOLLAND & KNIGHT, LLP**

/s/ Michael Stockham
Michael Stockham, Esq.
HOLLAND & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Phone: 214.969.2515
Fax: 214.964.9501

Michael.Stockham@hklaw.com

Christopher R. Murphy (pro hac vice)
HOLLAND & KNIGHT LLP
150 N. Riverside Plaza, Suite 2700
Chicago, Illinois 60606
Tel: 312.715.5722
Fax: 312.578.6666
Email: Chris.Murphy@hklaw.com

Jonathan Marmo (pro hac vice)
HOLLAND & KNIGHT LLP
1650 Market Street, Suite 3300
Philadelphia, PA 19103
Tel: 215.252.9568
Fax: 215.867.6070
Email: Jonathan.Marmo@hklaw.com

*Counsel for Defendant Kits Eyecare, Ltd d/b/a Opticontacts*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/ Jonathan Marmo*
Jonathan Marmo

6