**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| PHIL READ, individually and on behalf of all others similarly situated, | Case No. 1:26-cv-00001-ADA-SH |
| Plaintiff, | |
| v. | |
| KITS EYECARE, LTD D/B/A OPTICONTACTS, | |
| Defendant. | |

**DEFENDANT KITS EYECARE, LTD D/B/A**
**OPTICONTACTS' MOTION TO ADJOURN INITIAL CONFERENCE *SINE DIE* AND**
**FOR PROTECTIVE ORDER TO STAY ALL DISCOVERY AND BRIEF IN SUPPORT**
**THEREOF**

Defendant Kits Eyecare, LTD dba Opticontacts ("Kits"), through its undersigned counsel, files this motion for a protective order staying all discovery, and to adjourn the scheduling of an initial conference *sine die*. Kits has filed a motion to dismiss Plaintiff Phil Read's ("Plaintiff's") Complaint, which is fully briefed and before the Court (the "Motion" ECF No. 11, 13, 19-21).

Given the nature of this class action litigation, it is anticipated that Kits will need to undertake a costly and time-consuming search of its internal records to determine which, if any, consumers meet the purported class terms. Such an undertaking is likely to require one or more ESI searches, potentially requiring the engineering of special search terms and codes, an internal review of all documents that are derived from these initial searches, and then a further review of the documentation by Kits legal counsel. It would be unnecessarily costly and burdensome, as well as inconsistent with the purposes of a motion to dismiss, to require Kits to engage in discovery before a decision is rendered on the Motion. Kits respectfully asserts that it would be a waste of

judicial resources, and the parties' time and costs, to conduct an initial conference, or otherwise be involved in merits discovery, until this threshold issue is addressed. Accordingly, an adjournment of the initial conference and a stay of discovery under Rule 26(c) is warranted pending the outcome of the Motion.

### A.    <u>**Procedural History**</u>

Plaintiff initiated this action on January 1, 2026, claiming on behalf of himself and a purported class that Kits violated the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5), by sending allegedly unsolicited telephone solicitations via text message to his telephone number that is listed on the National Do Not Call Registry. *See* ECF No. 1 (the "Compl.") generally.

On June 15, 2026, Kits filed its Motion arguing, *inter alia,* that dismissal is appropriate in this instance because the Class Action Complaint's attempt to impose liability for text messages pursuant to 47 U.S.C. §227(c)(5) is not a cognizable legal theory. (ECF No. 11). On June 17, 2026 Plaintiff filed his Opposition to the Motion (ECF No. 13), and on July 8, 2026 Kits filed its Reply (ECF No. 19).

On July 20, 2026, Kits filed a Notice of Supplemental Authority following a July 14, 2026, Opinion and Order (the "Opinion") from the United States Court of Appeals for the Seventh Circuit in the matter of *Seth Steidinger, et al., v. Blackstone Medical Services*, Case: 25-2398 affirming the lower court decision which held that text messages are not telephone calls under the TCPA's private right of action in Section 227(c)(5). ECF No. 20. On July 21, 2026, Plaintiff filed a response to Kits notice of supplemental authority. ECF No. 21. The Motion remains pending before the Court for determination.

### B.    <u>**Argument**</u>

Federal Rule of Civil Procedure 26(c) provides pertinently as follows:

> A party or any person from whom discovery is sought may move for a protective order.... The court may, for good cause, issue an order to protect a party or person from ... undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place ... for the disclosure or discovery....

Fed. R. Civ. P. 26(c).

The Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). "[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided." *Ramirez v. Equifax Info. Servs., LLC*, No. 4:24-CV-94-SDJ-KPJ, 2024 WL 3259669, at *1 (E.D. Tex. July 1, 2024) (quoting *9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure*, § 2040 (3d. ed. 2024). Pursuant to Rule 26, a district court may stay discovery "for good cause shown." *Garcia v. Alvarez*, No. 1:22-CV-107, 2023 WL 11857631, at *1 (S.D. Tex. Jan. 12, 2023) (quoting Fed. R. Civ. P. 26(c)). Good cause may exist where the party seeking the stay may suffer "annoyance, embarrassment, oppression, or undue burden or expense" in the absence of a stay. *Id*. A stay of discovery "may be appropriate where the disposition of a motion to dismiss might preclude the need for discovery altogether thus saving time and expense." *Barrie v. Nueces Cnty. Dist. Attorney's Off.*, No. 2:17-CV-00204, 2017 WL 11713691, at *2 (S.D. Tex. Nov. 13, 2017) (quoting *United States ex rel. Gonzalez*, 571 F. Supp. 2d at 768). The relevant factors in considering a stay of discovery are: (1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay. *Von Drake v. Nat'l Broad. Co.*, No. 3:04-cv-652-R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004).

Here, Kits is requesting an adjournment of the initial conference and a stay of discovery while the Court considers Kits' Motion.  A brief adjournment of the initial conference and a stay

3

of discovery is justified because the Motion, and by extension the entire lawsuit, will be resolved on a purely legal basis – *i.e.*, whether text messages are actionable under 47 U.S.C. §227(c)(5). Since the only claim asserted against Kits is a TCPA claim grounded on text messages only, a decision on the Motion in Kits' favor would dispose of the matter in its entirety. Kits' legal arguments in the Motion are meritorious, and Kits expects a favorable ruling to issue from this Court.

Further, Plaintiff's case will not be prejudiced by a stay of discovery. This matter is in its early stages. As this is a putative class claim, Plaintiff has no reasonable expectation of an award in the near future. Therefore, any minor prejudice to Plaintiff by a brief stay of discovery pending a decision on the Motion would be far less significant than the harm incurred by Kits if it were compelled to engage in costly and burdensome discovery relating to a matter that may ultimately be dismissed.

## C.    Conclusion

In light of the foregoing, and for good cause shown, Kits requests that this Court issue an order adjourning the scheduling of an initial conference, *sine die*, and staying discovery pending resolution of Kits' combined motion.

Date: August 14, 2026                    Respectfully submitted,

**HOLLAND & KNIGHT**

*/s/ Jonathan Marmo*
Jonathan M. Marmo
*Admitted Pro Hac Vice*
1650 Market Street, Suite 3300
Philadelphia, Pennsylvania 19103
Jonathan.marmo@hklaw.com
Phone: (215) 252-9600

**ATTORNEYS FOR DEFENDANT**

4

# CERTIFICATE OF CONFERRAL

On July 30, 2026, the undersigned communicated via video call with counsel for Plaintiff to discuss this Motion, the 26(f) conference, and the relief requested therein.  Plaintiff indicated that he would not consent to the proposed stay, therefore necessitated the filing of this motion as opposed.

Date: August 14, 2026

Respectfully submitted,

**HOLLAND & KNIGHT**

*/s/ Jonathan Marmo*
Jonathan M. Marmo
*Admitted Pro Hac Vice*
1650 Market Street, Suite 3300
Philadelphia, Pennsylvania 19103
Jonathan.marmo@hklaw.com
Phone: (215) 252-9600

**ATTORNEYS FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing Motion to Motion to Adjourn Initial Conference Sine Die and for Protective Order to Stay all Discovery and Brief in Support Thereof was electronically filed via the CM/ECF system on August 14, 2026, which will provide a copy to Plaintiff and all counsel of record.

*/s/ Jonathan Marmo*
Jonathan Marmo

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS AT AUSTIN**

| | |
|---|---|
| **PHIL READ,** individually and on behalf of all others similarly situated, | Case No. 1:26-cv-00001-ADA-SH |
| *Plaintiff,* | |
| *v.* | **[PROPOSED] ORDER** |
| **KITS EYECARE, LTD D/B/A OPTICONTACTS.** | |
| *Defendant.* | |

THIS MATTER CAME BEFORE THE Court on Defendant Kits Eyecare, LTD d/b/a Opticontacts' ("Defendant") Motion to Stay Discovery.

The Court having reviewed the file and motion and being otherwise fully advised in the premises, does hereby: **ORDER AND ADJUDGE** that:

1.     The motion is **GRANTED** and all discovery in this matter is stayed pending a further Order of this Court.

**DONE AND ORDERED**, this _____ day of _____, 2026.

_____
HONORABLE
UNITED STATES DISTRICT JUDGE

Copies to: All Parties of Record

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **6th day of February, 2026.**  Notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

By:   *s/ Jonathan Marmo*
Jonathan Marmo