**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| PHIL READ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KITS EYECARE, LTD D/B/A OPTICONTACTS,<br><br>Defendant. | NO. 1:26-CV-00001<br><br>**JURY TRIAL DEMANDED** |

**SECOND NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant Kits Eyecare, Ltd D/B/A Opticontacts ("Kits") hereby notifies the Court of additional recent supplemental authority supporting Kits' pending Motion to Dismiss this case (the "Motion"):

1. Kits' Motion is fully briefed and pending. Dkt. Nos. 11, 13, 19.

2. On July 30, 2026, the Honorable Megan Blair Benton of the United States District Court for the Western District of Missouri, Southern Division, issued an Order (the "Order") in the matter of *Jennifer Rush v. Select Quote Insurance Services, Inc*., 2026 WL 2495598 (W.D. Mo. July 30, 2026) granting defendant's motion to dismiss and holding that text messages are not telephone calls under the TCPA's private right of action in Section 227(c)(5). See Exhibit A.

3. In *Rush,* the plaintiff filed a putative class action alleging that the defendant delivered two text messages containing advertising and marketing content to her cellular telephone number, which was registered on the National Do Not Call Registry, in violation of 47

U.S.C. § 227(c)(5). The defendant moved to dismiss, and the court granted the motion, holding that text messages are not covered by Section 227(c)(5) of the TCPA.

4. Similar to the instant matter[1], defendant in *Rush* moved to dismiss plaintiff's TCPA claims, arguing, inter alia, that (a) the plain and ordinary meaning of "telephone call" in 1991 when the TCPA was enacted did not include text messages; (b) FCC regulations that define "telephone calls" to include "text messages" do not bind the Court in light of the United States Supreme Court's decisions in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), and *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp*., 606 U.S. 146 (2025); and (c) neither Supreme Court precedent nor § 227(b)'s text require the conclusion that "text messages" are "telephone calls" under § 227(c).

5. The *Rush* Court unambiguously held that "As discussed, the plain and ordinary meaning of § 227(c)(5) is clear: 'text messages' are not 'telephone calls.' Only Congress can expand the breadth of § 227(c)(5)." *Rush,* 2026 WL 2495598 at *3.

6. Importantly, the *Rush* Court was cognizant of the clear differences in the language found in each subsection of §227 noting that "Plaintiff isolates the word 'call' in §227(c)(5), disregarding that §227(c)(5) says 'telephone call' and § 227(b)(1)(A) says 'any call.' The "difference in language both explains and supports [the Court's] conclusion that §227(c)(5) does not apply to text messages." *Rush,* 2026 WL 2495598 at *4 citing *Steidinger v. Blackstone Med. Servs.*, 2026 WL 2028517 at *5 (7th Cir. July 14, 2026). These findings are consistent with Kits' argument that the plain language of §227(c)(5) does not encompass text messages.

7. With the *Rush* decision, the Western District of Missouri becomes the thirteenth federal district court, including the entire Seventh Circuit footprint, to conclude that SMS text

[1] Plaintiff's counsel in the instant matter also represents the Plaintiff in *Rush.*

messages are not telephone calls for purposes of the TCPA's "Do Not Call" rules under Section 227(c)(5).

8. The supplemental authority attached hereto is highly relevant to Kits' pending Motion in this case given that the claims and defenses asserted in both cases are similar, and Kits made identical arguments as the defendant in *Rush* in support of dismissal of the TCPA claims.

Dated: August 28, 2026

Respectfully submitted,

KITS EYECARE, LTD D/B/A OPTICONTACTS

By: /s/ Jonathan M. Marmo
Jonathan M. Marmo (admitted PHV)
HOLLAND & KNIGHT LLP
Email: jonathan.marmo@hklaw.com
1650 Market Street, Suite 3300
Philadelphia, PA 19103
Phone +1.215.252.9568
Fax +1.215.867.6070

*Counsel for Defendant Kits Eyecare, Ltd d/b/a Opticontacts*

**CERTIFICATE OF SERVICE**

I, Jonathan M. Marmo, hereby certify that on August 26, 2026, I caused to be electronically filed the foregoing with the Clerk of the United States District Court for the Western District of Texas, Austin Division, using the ECF System, which will send notice to all counsel of record in this lawsuit.

*/s/ Jonathan M. Marmo*
Jonathan M. Marmo

## References


1. JENNIFER RUSH, Plaintiff, v. SELECTQUOTE INSURANCE SERVICES, INC., Defendant., --- F.Supp.3d ---- (2026) 2026 WL 2495598 WESTLAW © 2026 Thomson Reuters. No claim to original U.S. Government Works. 1 2026 WL 2495598 Only the Westlaw citation is currently available. United States District Court, W.D. Missouri, Southern Division. JENNIFER RUSH, Plaintiff, v. SELECTQUOTE INSURANCE SERVICES, INC., Defendant. Case No.: 6:26-cv-03157-MBB | Filed 07/30/2026 Attorneys and Law Firms Anthony Paronich, Pro Hac Vice, Paronich Law, P.C., Hingham, MA, Tylor Whitham, Whitham Law Firm, Leawood, KS, for Plaintiff. Paul Croker, Madeline L. Mann, Armstrong Teasdale LLP, Kansas City, MO, Bradley J. (USDC Western District of Texas - Austin Division-1-26cv1686.pdf, Page 0)
2. Agreeing with Defendant, the Court GRANTS the Motion and DISMISSES without prejudice. Background Plaintiff Jennifer Rush filed this putative class action against Defendant Selectquote Insurance Services, Inc. (Doc. 1). The complaint's sole count seeks damages under the private right of action authorized by 47 U.S.C. § 227(c)(5) of the TCPA. She alleges Defendant delivered, or caused to be delivered, two text messages to her and the other members of the asserted class within a 12-month period. (Id. at pp. 9-11). Plaintiff alleges the text messages contained advertising, marketing, and promotional content for Defendant's insurance products and services. (Id. (USDC Western District of Texas - Austin Division-1-26cv1686.pdf, Page 0)
3. a cause of action's elements will not do." Id. I. Plaintiff fails to state a claim because "text messages" are not "telephone calls" under § 227(c)(5). Section 227(c)(5) provides a "[p]rivate right of action" to a "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]" 47 U.S.C. § 227(c)(5) (emphasis added). The plain and ordinary language of § 227(c)(5) is clear: the private right of action applies only to telephone calls, not text messages. Plaintiff erroneously relies (USDC Western District of Texas - Austin Division-1-26cv1686.pdf, Page 0)
4. consent to receiving Defendant's text messages. (Id.). Defendant moved to dismiss the complaint. (Doc. 14). 1 Defendant also argues for dismissal because Plaintiff herself did not register the telephone number on the National Do Not Call Registry; a previous user of her telephone number registered it. (Id. at pp. 5, 10-11). The Court does not reach this argument. Discussion "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has (USDC Western District of Texas - Austin Division-1-26cv1686.pdf, Page 0)
5. Reuters. No claim to original U.S. Government Works. 2 A. In 1991, when the TCPA was enacted, the plain, ordinary, and commonly understood meaning of the statutory term "telephone calls" in § 227(c)(5) did not include "text messages."…… (USDC Western District of Texas - Austin Division-1-26cv1686.pdf, Page 1)
6. if it did, that delegation must be constitutional. See Loper Bright, 603 U.S. at 394-96 (holding that while Congress may delegate discretionary authority to an agency, that delegation is subject to constitutional limits and boundaries). The Court does not reach the constitutional question because Congress did not expressly delegate authority to the FCC in § 227(c)(5) to define "telephone calls." The Court is not bound by FCC regulations. See McLaughlin Chiropractic, 606 U.S. at 149. C. Neither Supreme Court

precedent, nor § 227(b)'s text, require the conclusion that "text messages" are "telephone calls" under § 227(c). *4 Plaintiff (USDC Western District of Texas - Austin Division-1-26cv1686.pdf, Page 2)

7. under the plain and ordinary language of § 227(c)(5). B. FCC regulations that define "telephone calls" to include "text messages" do not bind the Court. *3 Plaintiff contends the Court should give deference to the FCC's interpretation of § 227(c). (Doc. 18, pp. 28-32). Plaintiff says the FCC has provided: "No person or entity shall initiate any telephone solicitation to ... a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § (USDC Western District of Texas - Austin Division-1-26cv1686.pdf, Page 1)
8. Government." 47 C.F.R. § 64.1200(c)(2); (Doc. 18, p. 11). The FCC has further provided that § 64.1200(c)(2) applies "to any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02–278[.]" 47 C.F.R. § 64.1200(e); (Doc. 18, p. 11)…… (USDC Western District of Texas - Austin Division-1-26cv1686.pdf, Page 1)