**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

PHIL READ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

KITS EYECARE, LTD D/B/A OPTICONTACTS,

Defendant.

Case No. 1:26-cv-00001-ADA-SH

---

**DEFENDANT KITS EYECARE, LTD D/B/A OPTICONTACTS' REPLY IN SUPPORT OF ITS MOTION TO ADJOURN INITIAL CONFERENCE *SINE DIE* AND FOR PROTECTIVE ORDER TO STAY ALL DISCOVERY**

---

## INTRODUCTION

Defendant Kits Eyecare, LTD d/b/a OptiContacts ("Kits" or "Defendant") respectfully submits this Reply in further support of its Motion to Adjourn Initial Conference *Sine Die* and for Protective Order to Stay All Discovery (ECF No. 23) (the "Motion"), and in response to Plaintiff Phil Read's ("Plaintiff") Opposition (ECF No. 25) (the "Opposition").

Plaintiff's Opposition attacks a position Kits has never taken. Kits does not contend that the mere pendency of a Rule 12(b)(6) motion automatically stays discovery. Rather, Kits seeks a discretionary, targeted stay because the fully briefed Motion to Dismiss (ECF Nos. 11, 13, 19–21) presents threshold *legal* questions—principally, whether text messages are actionable under 47 U.S.C. § 227(c)(5)—that could dispose of this entire action without a single factual inquiry. Meanwhile, the class-action posture of this case means that even routine scheduling and Rule 26 obligations will set in motion costly discovery into Kits' telemarketing systems, consent databases,

do-not-call procedures, caller-identification practices, messaging platforms, and class-member identification—none of which may ever be necessary if the Court grants the pending motion.

Plaintiff's three arguments in opposition—that Kits has not shown good cause, that the Motion to Dismiss is not strong, and that a stay would cause prejudice—do not withstand scrutiny. Each is addressed in turn.

## ARGUMENT

### I. Good Cause Exists Because the Nature of This Class Action and the Pending Threshold Legal Issues Make Clear That Discovery Will Impose Avoidable Burden and Expense.

Plaintiff contends that Kits has not shown good cause because no formal discovery request has been served and Kits has offered no declaration quantifying costs. That argument misapprehends both the procedural posture and the applicable standard. The Fifth Circuit has required a "particular and specific demonstration of fact" to show good cause. See *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). Kits has identified the specific nature of the burden: this is a putative class action requiring ESI searches, document review, and privilege analysis for claims that turn on a purely legal question. The "particular and specific demonstration" standard does not require a cost affidavit where, as here, the movant has identified the specific categories of burden and the purely legal nature of the pending motion makes that burden avoidable. Kits moved to stay discovery *and* to adjourn the initial conference *sine die* precisely *because* discovery has not yet begun. The purpose of the stay is to prevent the parties and the Court from being drawn into the scheduling process—including a Rule 26(f) conference, preparation of a joint discovery plan, Rule 26(a)(1) initial disclosures, and the attendant meet-and-confer obligations—before the Court resolves a purely legal threshold question that may render all of those efforts unnecessary.

The Court has '"broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."' *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). A stay '"may be appropriate where the disposition of a motion to dismiss might preclude the need for discovery altogether thus saving time and expense."' *Barrie v. Nueces Cnty. Dist. Attorney's Off.*, No. 2:17-CV-00204, 2017 WL 11713691, at *2 (S.D. Tex. Nov. 13, 2017) (citation omitted). Nothing in Rule 26(c) requires a party to wait until it has already incurred discovery expense before asking the Court to prevent that expense from being incurred in the first place.

Plaintiff's own authority confirms that this presumption is easily overcome. In *Endure Indus., Inc. v. Vizient, Inc.*, No. 3:20-CV-3190-E, 2021 WL 3771770 (N.D. Tex. Apr. 9, 2021), the court acknowledged a presumption that discovery may proceed despite a pending motion to dismiss but nevertheless granted a stay because discovery would be unduly burdensome and the plaintiff conceded that it did not need discovery to resolve the motion. That reasoning applies here: the Motion presents a dispositive legal question, and Plaintiff needs no discovery to resolve it.

Plaintiff suggests that "ordinary" Rule 26 disclosures and discovery limited to Plaintiff himself, Kits' communications with Plaintiff, telemarketing practices, consent, do-not-call procedures, caller-identification practices, and messaging systems would impose no meaningful burden. Opp. at 1–2. But that expansive list confirms exactly why a stay is warranted: *every one of those topics* goes to the merits of a claim that may not be legally cognizable. Kits should not be compelled to search its telemarketing systems, produce consent records, document its do-not-call compliance procedures, or explain its messaging infrastructure to address a cause of action that the Court may determine does not exist as a matter of law. *See Von Drake v. Nat'l Broad. Co., Inc.*,

No. 3:04-cv-652-R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (identifying the breadth of discovery sought and the burden of responding as relevant stay factors).

Moreover, *Ramirez v. Equifax Information Services, LLC*, No. 4:24-CV-94-SDJ-KPJ, 2024 WL 3259669, at *1 (E.D. Tex. July 1, 2024), confirms that "'[w]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided.'" The critical issue here—whether § 227(c)(5) creates a private right of action for text messages—is entirely legal. No amount of discovery into Kits' systems, records, or practices will inform the Court's analysis of that statutory-interpretation question. Good cause therefore exists to stay discovery until the Court resolves it.

## II. The Motion to Dismiss Raises Substantial, Purely Legal Threshold Issues That May Dispose of the Entire Case.

Plaintiff devotes the bulk of the Opposition to arguing that the Motion to Dismiss is unlikely to succeed. But Plaintiff conflates the standard for a stay with the standard for granting a motion to dismiss. For stay purposes, the question is not whether the Court will *certainly* grant the Motion to Dismiss, but whether the Motion presents a "strong" or substantial legal question that could dispose of the case. *Von Drake*, 2004 WL 1144142, at *1. It plainly does.

Plaintiff's reliance on *YETI Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-CV-663 RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016), is misplaced. *YETI* involved a "thoroughly-pled, fact-specific" trade-dress lawsuit in which the motion to dismiss did not have a "sufficient likelihood of success to warrant staying discovery." *Id.* at *2. But *YETI* itself recognized an exception for cases in which, for example, "the motion to dismiss raises a serious legal question or factual deficiency" reasonably likely to result in dismissal. *Id.*. This case falls squarely within that exception: the Motion raises a purely legal statutory-interpretation question supported by the only circuit-level authority on point.

### A. The Seventh Circuit's Decision in *Steidinger* Directly Supports Kits' Position.

On July 14, 2026, the United States Court of Appeals for the Seventh Circuit issued its opinion in *Steidinger v. Blackstone Med. Servs.*, No. 25-2398, 182 F.4th 532 (7th Cir. July 14, 2026), affirming a lower-court decision holding that text messages are not "telephone calls" under the TCPA's private right of action in § 227(c)(5). ECF No. 20. This is the *only circuit-level decision* squarely addressing the precise statutory question at issue. Kits filed a Notice of Supplemental Authority bringing this decision to the Court's attention (ECF No. 20), and Plaintiff responded (ECF No. 21).

Plaintiff's Opposition relies almost entirely on district-court decisions—*Duron*, *Alvarez*, *Callier*, *Cranor*, *Watkins*, and others—for the proposition that courts "have repeatedly reached the opposite conclusion." Opp. at 5. But the existence of conflicting district-court authority does not undermine a stay; it *supports* one, because it demonstrates that the legal question is genuinely contested and warrants judicial resolution before costly discovery commences. With the only circuit-level decision supporting Kits' position, the Motion to Dismiss presents precisely the kind of substantial threshold question that warrants pausing discovery while the Court undertakes its independent analysis. Plaintiff's contrary district-court authorities demonstrate that the issue is *legal* and *disputed*—not that discovery is needed to resolve it.

Nor do Plaintiff's citations to *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 688 (5th Cir. 2021), or *Howard v. Republican National Committee*, 164 F.4th 1119, 1123–24 (9th Cir. 2026), change the analysis. *Cranor's* introductory observation that "robocalls and robotexts" can present parallel harms was dicta and did not interpret § 227(c)(5). The Seventh Circuit expressly addressed *Howard* and found it unpersuasive because it concerned § 227(b), not § 227(c)(5). See *Steidinger*, slip op. at 9.

**B. Plaintiff's Caller-ID Theory Likewise Presents a Legal Question, Not a Factual One.**

Plaintiff argues that the Motion to Dismiss also challenges a caller-identification theory under 47 C.F.R. § 64.1601(e), and that recent decisions such as *Dobronski v. SelectQuote Insurance Services*, 773 F. Supp. 3d 373, 375 (E.D. Mich. 2025), and *Newell v. JR Capital, LLC*, 791 F. Supp. 3d 571 (E.D. Pa. 2025), support private enforcement. Opp. at 7–8. But this argument actually *reinforces* the case for a stay: whether § 64.1601(e) is privately enforceable is itself a purely legal question that the Court can and will resolve on the pending motion without any factual discovery. Plaintiff does not explain what discovery—into Kits' telemarketing systems or otherwise—would bear on the legal question of whether a regulation is privately actionable. Like the text-message question, the caller-ID issue confirms that the Motion to Dismiss turns on legal interpretation, not facts that discovery would uncover.

**III. Plaintiff's Prejudice Argument Is Speculative and Does Not Outweigh the Burden of Premature Discovery.**

Plaintiff asserts that a stay risks loss of evidence maintained by third-party vendors, fading memories, and difficulty identifying class members. Opp. at 8–9. These concerns are speculative and generic. Plaintiff points to no specific record that is at risk of imminent destruction, no particular vendor with a known retention deadline, and no witness who is likely to become unavailable during the limited period while the Court resolves the fully briefed Motion to Dismiss.

The cases Plaintiff cites do not compel a different conclusion. *Levitt v. Fax.Com*, No. WMN-05-949, 2007 WL 3169078 (D. Md. May 25, 2007), and *Pasco v. Protus IP Solutions, Inc.*, 826 F. Supp. 2d 825 (D. Md. 2011), involved situations where critical records had *already been lost*—a circumstance not present here. *Simon v. Ultimate Fitness Group, LLC*, No. 19-cv-890, 2019 U.S. Dist. LEXIS 147676 (S.D.N.Y. Aug. 19, 2019), addressed a stay pending appeal of a different kind, and is factually distinguishable from a temporary stay pending resolution of a fully

briefed threshold motion. *Saleh v. Crunch, LLC*, No. 17-62416, 2018 WL 11264884 (S.D. Fla. 2018), and *Lathrop v. Uber Technologies, Inc.*, No. 14-CV-05678-JST, 2016 WL 97511 (N.D. Cal. Jan. 8, 2016), similarly involved different procedural postures and do not address the situation here—a temporary stay pending a dispositive motion that raises purely legal issues. Nor does *Sanaah v. Howell*, No. 08-cv-02117-REB-KLM, 2009 U.S. Dist. LEXIS 35260, at *2 (D. Colo. Apr. 9, 2009), support Plaintiff's position. *Sanaah*, like the other cases Plaintiff cites, involved an open-ended delay rather than a temporary stay pending a fully briefed threshold legal motion.

Moreover, a stay of discovery does not relieve any party of its document-preservation obligations. Both parties remain subject to their litigation-hold duties regardless of whether discovery is active. If Plaintiff has genuine concerns about specific categories of third-party records, the proper remedy is a targeted preservation request or, if warranted, a limited motion for preservation relief—not the wholesale denial of a protective order that would avoid unnecessary costs and burdens on both the parties and the Court.

On the other side of the ledger, the burden of premature discovery is real and concrete. This is a putative class action. Kits has explained that discovery into the claims and class allegations will require extensive searches of internal records, ESI collection, potentially specialized search terms or code, multi-tier document review, and legal privilege review. ECF No. 23 at 1. Those burdens will be incurred entirely for purposes of addressing a legal theory that may be foreclosed by the Motion to Dismiss. The balance of equities strongly favors a temporary stay.

**IV. A Temporary Stay Promotes Judicial Economy.**

Finally, a temporary stay pending resolution of the fully briefed Motion to Dismiss promotes judicial economy. The Court should not require the parties to engage in a Rule 26(f) conference, prepare a joint discovery plan, exchange initial disclosures, or address ESI protocols

and other discovery logistics concerning a cause of action that may not survive a threshold legal challenge. If the Motion to Dismiss is granted, not only will every dollar and hour spent on discovery have been wasted, but the Court and the parties will have been forced into unnecessary scheduling conferences, Rule 26(f) planning, initial disclosures, and potential disputes over ESI protocols—all for a claim that may not survive. If it is denied, discovery can proceed promptly, and Plaintiff will suffer no material delay—the case is in its early stages, no scheduling order has been entered, and Plaintiff, as the representative of a putative class, has no reasonable expectation of near-term recovery. *See Garcia v. Alvarez*, No. 1:22-CV-107, 2023 WL 11857631, at *1 (S.D. Tex. Jan. 12, 2023) (good cause exists where the party seeking the stay may suffer undue burden or expense in the absence of a stay).

## CONCLUSION

For the foregoing reasons, and for good cause shown, Kits respectfully requests that the Court grant its Motion, issue an order adjourning the scheduling of an initial conference *sine die*, and entering a protective order staying all discovery pending resolution of Kits' Motion to Dismiss.

Date: September 18, 2026.

Respectfully submitted,

By: */s/ Jonathan Marmo*

Jonathan M. Marmo (*Pro Hac Vice)*
jonathan.marmo@hklaw.com
**HOLLAND & KNIGHT LLP**
1650 Market Street, Suite 3300
Philadelphia, PA 19103
Phone: (215) 252-9600

Christopher R. Murphy (*Pro Hac Vice*)
chris.Murphy@hklaw.com
**HOLLAND & KNIGHT LLP**
150 N. Riverside Plaza, Suite 2700
Chicago, Illinois 60606
Tel: 312.715.5722
Fax: 312.578.6666

Michael Stockham (*TX Bar No. 24038074*)
michael.stockham@hklaw.com
**HOLLAND & KNIGHT LLP**
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Tel: 214.969.2515
Fax: 214.964.9501

***Counsel for Defendant Kits Eyecare, Ltd d/b/a Opticontacts***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Reply in Support of Defendant's Motion to Adjourn Initial Conference *Sine Die* and for Protective Order to Stay All Discovery was electronically filed via the CM/ECF system on September 18, 2026, which will provide a copy to Plaintiff and all counsel of record.

*/s/ Jonathan Marmo*
Jonathan Marmo